130 Livingston Street
Brooklyn, NY 11201

Howard H. Roberts, Jr
President

(718)694-3823

**MTA  New York City Transit**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/13/08

MAILED TO COUNSEL
5/13

May 12, 2008

**BY FACSIMILE**
Hon. Loretta A. Preska, Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re:  *Jackson Sikayena v.NYC Transti Authority,* (07-Civ-10573)(LAP)
> Defendant's Response to Settlement Inquiry

Dear Judge Preska:

    I am writing as the attorney for the defendant New York City Transit Authority ("Transit Authority") to respond to the Court's inquiry into whether this matter can be settled at this time. I think not.

**Background:**
    Plaintiff was employed by the Transit Authority as a Transit Property Protection Agent ("TPPA") - a for of security guard - from February 25, 1991 until he was terminated by the decision of an Impartial Arbitrator on August 16, 2008 after disciplinary charges were brought against him for sleeping while on duty for the third time.

    On May 8, 2006, Mr. Sikayena called his supervisor to the location where he was working to pick up a form that he, plaintiff, had prepared. When Supervisor Martelli responded to the location he observed plaintiff sleeping and that the facility gate was ajar. Disciplinary charges were brought seeking plaintiff's termination under Disciplinary Action Notification ("DAN") 06-2124-0047. Disciplinary hearings were conducted pursuant to the collective bargaining agreement ("CBA") between the Transit Authority and Transport Workers Union ("TWU") which represented plaintiff. As the final step in the TWU-Transit Authority's grievance process, plaintiff's disciplinary grievance ultimately came before an Independent Arbitrator who sustained the charges and upheld the penalty of termination.

MTA New York City Transit is an agency of the Metropolitan Transportation Authority, State of New York
H. Dale Hemmerdinger, Chairman                    Elliot G. Sander, Executive Director and CEO

58-01-5806 11/07

Plaintiff had two prior disciplinary suspensions for sleeping while on duty. The charges in 2002 were resolved by a penalty of a 15-day suspension. In 2004 the charges were resolved by a 30-day suspension.

The defendant is unable to offer plaintiff a monetary settlement or to change the terms of the discharge because an Independent Arbitrator made the decision to terminate plaintiff and such decision is binding on both parties pursuant to the CBA. Such decision by an arbitrator goes to the substance of plaintiff's law suit. The fact that an independent neutral and unbiased Arbitrator made the decision to terminate plaintiff after a hearing is highly probative of the absence of discriminatory intent to terminate plaintiff. Collins v. New York City Transit Authority, 305 F.3d 113, 119 (2d Cir. 2002).

Very truly yours,

Carol Sharpe

cc:   Mr. Jackson Sikayena
      14-67 W. Tremont Avenue, Apt. 6J
      Bronx, New York 10453
      Plaintiff, *Pro Se*

*Judge Dolinger shall proceed with general pretrial discovery supervision.*

SO ORDERED

LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE

*May 12, 2008*